**Mario Alfonso GARCIA–OLIVARES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75743.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

### MEMORANDUM **

Mario Alfonso Garcia–Olivares, his wife Emma Ramirez De Garcia, and their two minor children, Emmelin Mayte Garcia–Ramirez and Bruno Alfonso Garcia–Ramirez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order pretermitting their applications for cancellation of removal on the ground that they were statutorily precluded from establishing good moral character. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review whether an alien's conduct falls within a per se exclusion category for purposes of eligibility for cancellation of removal. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). We review findings of fact for substantial evidence. *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005). We grant the petition for review, and remand for further proceedings.

The adult petitioners testified that they paid a smuggler to assist them and their minor children to enter the United States without inspection. The BIA concluded that the adult petitioners were statutorily ineligible for cancellation and ineligible for a waiver. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (stating that an alien who assists another alien to enter the United States in violation of the law fails the moral character requirement for cancellation of removal). The agency, however, did not have the benefit of this court's recent decision in *Moran*, 395 F.3d at 1094, which indicates that the adult petitioners are eligible for a family unity waiver. *See id.* (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility for cancellation of removal ... because the

courts of this circuit except as provided by 9th Cir. R. 36–3.

Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his or her son or daughter to enter the United States in violation of the law.) The adult petitioners therefore remain eligible for cancellation of removal and the agency improperly pretermitted their applications. *See id.*

In accordance with *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand for further proceedings consistent with this decision.

**PETITION FOR REVIEW GRANTED; REMANDED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.